UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>       Defendant. | Case No. 17-cv-00950-WHO<br><br>**ORDER GRANTING APPLICATION TO PROCEED AS "JANE DOE"**<br><br>Re: Dkt. No. 5 |

Plaintiff asks me to allow her to proceed in this action using a pseudonym "Jane Doe." Plaintiff alleges a variety of claims against Uber, all based upon a sexual assault perpetrated against her by an Uber driver in Minnesota in August 2016.[1]

In support of her application, plaintiff asserts that while Uber and the driver are likely aware of plaintiff's identity, her identity has not been disclosed publicly and she wants to proceed anonymously because of the sensitive and personal nature of the assault and her vulnerability to further humiliation should be identity be exposed. Dkt. No. 5. Defendant has made an appearance and has filed a motion to transfer, but has not opposed plaintiff's application to proceed anonymously.

In the Ninth Circuit, parties may use pseudonyms in "unusual cases" when anonymity of the party is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's

---

[1] Plaintiff asserts claims for: (i) Negligence (negligent hiring, negligent supervision, and negligent retention); (ii) Fraud (intentional misrepresentation, concealment, false promise); (iii) Negligent Misrepresentation; (iv) Battery; (v) Assault; (vi) False Imprisonment; and (vii) Intentional Infliction of Emotional Distress. Dkt. No. 1.

need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

When a pseudonym is used "to shield the anonymous party from retaliation, the district court should determine the need for anonymity" by evaluating: (i) the severity of the threatened harm; (ii) the reasonableness of the anonymous party's fears; and (iii) the anonymous party's vulnerability to retaliation. *Id*. "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party . . . whether proceedings may be structured so as to mitigate that prejudice," and "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id*.

In this District, courts have allowed plaintiffs to proceed using pseudonyms in cases dealing with alleged sexual assaults. *See, e.g., Jane Doe v. Stanford University*, No. C. 17-06973 EMC, Docket No. 37 (university students who were victims of sexual and physical assault suing university under Title IX); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *2 (N.D. Cal. May 13, 2011) (plaintiff's injury arises out of "sensitive and personal matters involving human trafficking, sexual battery, and invasion of privacy; thus, without the ability to proceed under a pseudonym, her injury would be exacerbated."). Plaintiffs have also been allowed to proceed anonymously where the disclosure of the plaintiff's true identify in light of the plaintiff's profession would cause social stigma and expose them to concrete harms. *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (exotic dancers pursuing FLSA claims granted anonymity); *but see Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1145 (N.D. Cal. 2016) (denying application to proceed anonymously by a "lawyer-plaintiff whose claim centers upon when he became disabled due to mental illness"); *Doe v. NFL Enterprises, LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017) (denying application by cheerleaders to proceed anonymously in suit claiming antitrust conduct by the NFL).

Here, the harm of public disclosure of the identity of a victim of an alleged sexual assault is readily apparent. Plaintiff's beliefs that she would suffer further humiliation and harm (emotionally and in her career and social relationships) if her identity were to become publicly

2

known are reasonable. Dkt. No. 5 at 3. There is, moreover, no prejudice to defendant from allowing plaintiff to proceed anonymously. This is an action by one plaintiff whose identify defendant knows. Defendant should have no problem securing discovery and otherwise litigating this case while preserving the anonymity of plaintiff.

Finally, while a plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings" and therefore should be allowed only in unusual cases where harm from disclosure is shown (*Advanced Textile Corp.*, 214 F.3d at 1067), there is also a strong public interest in encouraging victims of sexual assault to come forward and to vindicate their rights to relief in court. *See, e.g., Penzato*, 2011 WL 1833007, at *3; *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014). I expect that most of the pleadings and filings in this case will publicly filed and, therefore, the public's interest in open judicial proceedings will be met while still protecting the privacy of plaintiff.

Plaintiff's application to proceed using a pseudonym is GRANTED, subject to reconsideration as the case progresses.

**IT IS SO ORDERED.**

Dated: March 24, 2017

William H. Orrick
United States District Judge