TYSON & MENDES, LLP
James E. Sell, Esq. (State Bar No. 135935)
Robert J. Taitz, Esq. (State Bar No. 168334)
700 Larkspur Landing Circle, Suite 199
Larkspur, CA 94939
Telephone: (415) 464-4935
Facsimile: (415) 464-0508
Email: jsell@tysonmendes.com

Attorneys for Defendant UBER TECHNOLOGIES, INC.

**IN THE UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. C-17-00950-WHO<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION REGARDING RELATED CASE AND REQUEST TO TRANSFER TO JUDGE SUSAN ILLSTON** |

Defendant, UBER TECHNOLOGIES, INC. ("Defendant"), hereby opposes plaintiff's Motion Regarding Related Case And Request To Transfer to Judge Susan Illston [Docket No. 24]. Plaintiff's request should be denied because the purportedly related case, *Jane Doe 1, et al. v. Uber Technologies, Inc.*, case no. 15-cv-04670-SI ("*Doe 2*"), is not "related" to this case within the meaning of Civil Local Rule 3-12.

A comparison of the allegations in this case and *Doe 2* demonstrates the parties, events, and transactions at issue are not "substantially the same" and that keeping the cases unrelated would not result in the "unduly burdensome duplication of labor and expense" or "conflicting results." Moreover, Plaintiff's Motion and Request should be seen for what it is: a blatant attempt at judge-shopping. For these reasons, Defendant respectfully requests that this Court issue an Order finding the cases unrelated and denying plaintiff's request to transfer the case at bar to Judge Susan Illston.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of an alleged incident that occurred in Minneapolis, Minnesota. Plaintiff, Jane Doe, alleges that on August 5, 2016, she was with two of her friends in Minneapolis when one of her friends requested a ride through the Uber Application ("Uber App"). *See* Complaint ¶¶87-89. Plaintiff alleges that she and her friends were picked up by Abdel Jacquez aka Abdel Jaquel [sic] ("Driver"), whom Plaintiff alleges was a partner driver using the driver version of the Uber App. *See* Complaint ¶1.

During the ride, plaintiff and/or her friends exchanged telephone numbers with Driver and later called him directly, not through the Uber App, to coordinate a ride to a second bar, which was also in Minneapolis. *See* Complaint ¶¶1, 90. It was after this second trip, which was arranged via telephone and wholly without the use of the Uber App, that plaintiff alleges she was assaulted and battered by Driver near the second bar. *See* Complaint ¶92.

## LOCAL CIVIL RULE 3-12

The underlying purpose of Civil Local Rule 3-12 is "to avoid unduly burdensome duplication of labor and expense, and conflicting opinions before different judges." *Bacon v. City and County of San Francisco*, No. C04-3437TEH, 2005 WL 1910924, *1 n.1 (N.D. Cal. August 10, 2005). The intent is codified in the language of the rule itself, which defines cases as related when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* Civ. L.R. 3-12(a).

Civ. L.R. 3-12 represents a departure from this District's standard practice of random case assignment. In the Northern District, cases are "assigned blindly and at random by the Clerk by means of an automated system approved by the judges of the court." General Order 44 ¶ D(2). Random case assignment is "important chiefly because it precludes real or apparent bias by preventing 'judge shopping.'"[1]

[1] *In re Marshall*, 403 B.R. 668, (C.D. Cal. March 18, 2009) citing *In re Yagman*, 796 F.2d 1165, 1177-78 (9th Cir. 1986).

## ARGUMENT

Plaintiff's motion should be denied because: (1) *Doe 2* is not an active case and relating the cases would not conserve judicial resources, (2) this case and *Doe 2* do not meet the relatedness standard delineated in Civ. L.R. 3-12(a), (3) plaintiff is engaging in judge-shopping, and (4) the potential that no California judge will ultimately preside over the instant case should Defendant's pending Motion to Transfer Venue be granted.

### I. NO JUDICIAL RESOURCES WOULD BE CONSERVED BY RELATING THE PRESENT CASE TO *DOE 2*

Plaintiff's motion and request should be denied because the parties in *Doe 2* resolved that litigation and the case was dismissed in November 2016. Similar attempts by parties to relate pending, active cases to dismissed, stayed, or otherwise inactive cases have been routinely denied by the Northern District.[2] The Northern District has also declined to relate cases that are in substantially different stages of litigation.[3]

Applying those rulings here, the likelihood of duplicative labor and conflicting results is nonexistent because the present case will proceed with the same amount of resource expenditure regardless of whether this case is related to *Doe 2*. Additionally, *Doe 2* and the present case are in substantially different stages of litigation since *Doe 2* has been resolved and dismissed while the present case is just over a month old. As such, just like in *Hynix Semiconductor Inc.*, it is "not possible to consolidate" the cases and "reduce labor and costs." *Id.* For these reasons, finding the two cases related would be inapposite to the purpose of Civ. L.R. 3-12.

---

[2] *See e.g. Carlyle Fortran Trust v. Nvidia Corp.*, No. C05-00427JC, 2008 WL 4717467 *1 (N.D. Cal. Oct. 24, 2008) (declining to relate cases and stating "the Court is not concerned by the possibilities of duplicative labor or of conflicting results" because of "the current inactive or on-appeal status of the allegedly related cases"); *see also Rezner v. Bayerische Hypo-Und Vereinsbank AG, et al.*, No. C06-02064, 2009 WL 3458704 *1 (N.D. Cal. Oct. 23, 2009) (declining to find pending case related to previously filed cases because previously filed cases were "stayed pending mediation" and "closed and [] on appeal").

[3] *See e.g. Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 3916304 (N.D. Cal. Aug. 24, 2008) (declining to relate cases because discovery had not begun in the related case and discovery was "nearly over in the cases currently before the court…[i]it is therefore not possible to consolidate discovery proceedings to reduce labor and costs").

## II. *DOE 2* AND THE PRESENT CASE DO NOT MEET THE RELATEDNESS STANDARD ESPOUSED IN CIV. L.R. 3-12 (a)

The present case and *Doe 2* fall well below the relatedness standard prescribed by Civ. L.R. 3-12 (a) because the cases concern substantially different parties and events, and because it is impossible that a duplication of labor would result if the cases remain unrelated. Regarding the sameness of the parties, the only similarity between the present case and *Doe 2* is the Defendant. The plaintiffs, Drivers, and attorneys involved are all different. This is not enough to find that the cases involve “substantially the same” parties.[4]

The transactions and events are also dissimilar. Plaintiff’s focus on the claims brought by plaintiffs or the *type* of incident involved is misguided. The focus of Civ. L.R.3-12(a) is the actual event or events underlying and giving rise to said claims, not the nature of the claims themselves. The event at issue here has no relation to the events that occurred and gave rise to plaintiffs’ claims in *Doe 2*. This is a far cry from what is required under the rule, namely that the cases involve “substantially the same…transaction or event.”[5]

## III. PLAINTIFF IS ENGAGING IN JUDGE-SHOPPING

The entire purpose of random case assignment is to prevent judge shopping. Here, plaintiff seeks to circumvent this rule by making unsubstantiated claims regarding Judge Illston’s familiarity and knowledge of the facts and issues involved in the present case. Given the disparity between this case and *Doe 2,* the only plausible reason Defendant can point to for plaintiff’s Motion and Request is judge-shopping. In *Doe 2,* Judge Illston issued an order on Defendant’s motion to dismiss that was adverse to Defendant. Plaintiff’s assertion that Judge Illston has a

---

[4] *See Target Therapeutics, Inc. v. Schimed Life Systems Inc.*, No. No. C-94-20775 RPA, 1996 WL 241692 (N.D. Cal. May 2, 1996) (denying motion to relate cases in part on minor difference in the identity of the entities in the two cases).

[5] *See Ervin v. Judicial Council of California*, No. C06-7479 CW, 2007 WL 1489165 (N.D. Cal. May 18, 2007) (finding cases related where both causes of action stemmed from a lawsuit plaintiff filed against his insurance company).

heightened “familiarity with the legal and factual issues involved” is untrue, and indicative of plaintiff’s ulterior motive.

Judge Illston is wholly unfamiliar with the facts involved in the present case. Moreover, her involvement in the legal issues presented in *Doe 2* was limited given the short pendency of the case. While she did issue rulings on Defendant’s motion to dismiss, this involved the application of the well-known motion to dismiss standard to the facts presented in and unique to *Doe 2*. Therefore Judge Illston was not afforded the opportunity to glean specialized knowledge or a unique depth of understanding as to the goings on of Defendant corporation such that assignment of the case to her would result in the preservation of judicial resources. Even if she had, this still does not meet the burden because *Doe 2* and the present case involve substantially different parties and events. As such, the cases do not meet the relatedness standard prescribed by Civ. L.R. 3-12 (a).

Transferring the case to Judge Illston when the present case and *Doe 2* do not meet the relatedness standard would give the appearance of apparent bias. Plaintiff’s thinly-veiled attempt at judge-shopping should not be rewarded as it would fly in the face of objectivity and fairness, which is integral to the fair and impartial administration of justice.

## CONCLUSION

Plaintiff failed to provide any persuasive reason this Court should deviate from its standard practice of random case assignment. For this reason and all others contained herein, Defendant respectfully requests that this Court issue an Order finding the present case and *Doe 2* unrelated and denying plaintiff’s request to transfer the case at bar to Judge Susan Illston.

Date: March 27, 2017

Respectfully Submitted,

TYSON & MENDES, LLP
/s/ James E. Sell__________
700 Larkspur Landing Circle, Suite 199
Larkspur, CA 94939
Telephone: (415) 464-4935
Facsimile: (415) 464-0508
Email: jsell@tysonmendes.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2017, a true copy of the foregoing RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION REGARDING RELATED CASE AND REQUEST TO TRANSFER TO JUDGE SUSAN ILLSTON was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Sara M. Peters
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108
(415) 961-7210
Counsel for Plaintiff Jane Doe

/s/ James Sell___________________
TYSON & MENDES, LLP
700 Larkspur Landing Circle, Suite 199
Larkspur, CA 94939
Telephone: (415) 464-4935
Facsimile: (415) 464-0508
Email: jsell@tysonmendes.com