LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFF**

Marlene J. Goldenberg *(admitted pro hac vice)*
**GOLDENBERGLAW, PLLC**
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
Phone: (612) 333-4662

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 3:17-cv-00950-WHO<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE**<br><br>**Date: May 24, 2017**<br>**Time: 2:00 p.m.** |

Pursuant to Federal Rule of Evidence 201, Plaintiff Jane Doe respectfully requests that this Court take judicial notice of the following documents and adjudicatory facts:

1. "Memorandum of Law in Support of Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue" in *Yucesoy v. Uber Techs., Inc., et al.*, Nos. 1:14-cv-13938-IT, 15CV00262, 2014 WL 10435096 (N.D.Cal.), attached as Exhibit 1 to the Declaration of Sara M. Peters;
2. *Yucesoy v. Uber Techs., Inc.*, 109 F. Supp. 3d 1259, 1261 (N.D. Cal. 2015), attached as Exhibit 2 to the Declaration of Sara M. Peters;

3. *Doe v. Uber Techs., Inc.*, 184 F. Supp. 3d 774, 780 (N.D. Cal. 2016), attached as Exhibit 3 to the Declaration of Sara M. Peters;

4. Uber Technologies, Inc. routinely defends nationwide class actions and putative class actions in the Northern District of California without challenging venue or seeking to transfer venue, including the following cases:

   a. *O'Connor v. Uber Techs., Inc., et al.*, No. C–13–3826 EMC;

   b. *Gillette v. Uber Techs., Inc., et al.*, No. C–14–5241 EMC;

   c. *Ehret v. Uber Techs., Inc.*, No. C–14–0113 EMC;

   d. *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST;

   e. *Kafatos v. Uber Techs., Inc.*, No. 15-cv-03727-JST;

   f. *Antman v. Uber Techs., Inc.*, No. 3:15-cv-01175-LB;

   g. *Rio v. Uber Techs., Inc.*, No. 15-cv-03667-EMC;

   h. *Rosen v. Uber Techs., Inc., et al.*, No. 15-cv-03866-JST;

   i. *Nat'l Labor Relations Bd. v. Uber Techs., Inc.*, No. 16-MC-80057-KAW;

   j. *Cordas v. Uber Techs., Inc.*, No. 16–cv–04065–RS.

**JUDICIAL NOTICE IS WARRANTED**

Federal Rule of Evidence 201 authorizes the Court to take judicial notice of a fact that is not subject to reasonable dispute when it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. F.R.E. 201(b). The Court may also "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted); *see also Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) ("Although each case must be viewed on its own merits, the Court is empowered to and does take judicial notice of court files and records.")

The proceedings in *Yucesoy*, the earlier *Doe* action, and the multiple class actions are directly related to the arguments and issues raised in defendant's motion to transfer because these earlier actions tend to undermine Uber's argument that the Northern District of California is not a

convenient venue for this action. The plaintiffs in *Yucesoy* were drivers for Uber in Massachusetts who filed suit in Massachusetts Superior Court for violations of Massachusetts law. 109 F. Supp. 3d 1259, 1261–62 (N.D. Cal. 2015). Uber removed the case to federal court in Massachusetts, and then moved to transfer the case to the Northern District of California. *Id*. In so doing, Uber relied on a forum-selection clause in its Licensing Agreement that identifies the state and federal courts in San Francisco, California as the exclusive forum to litigate disputes. Uber further argued that public interest factors favored transfer to California, stating:

> "Practical considerations favor transfer to San Francisco, California because Uber maintains its principal place of business in California and the majority of corporate witnesses and evidence is located in California."

2014 WL 10435096 (N.D.Cal.).

In the earlier *Doe* case, Uber was named in a complaint filed in this jurisdiction arising out of sexual assault by Uber drivers in Boston, Massachusetts and Charleston, South Carolina. 184 F. Supp. 3d 774, 779 (N.D. Cal. 2016). Uber did not challenge venue or move to transfer, but rather moved to dismiss for failure to state a claim. *Id*.

Uber Technologies, Inc. routinely litigates nationwide claims in its home jurisdiction, the Northern District of California. This is the jurisdiction it has itself selected in its contracts and licensing agreements. All of Uber's corporate witnesses and evidence are located in California. For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of items 1-4 above.

Dated: April 3, 2017

WALKUP, MELODIA, KELLY & SCHOENBERGER

*/s/ Sara M. Peters*
SARA M. PETERS
JOSEPH NICHOLSON
Attorneys for Plaintiff